(118 So. 693)

No. 29445.

**WILLIAMS v. F. LEYLAND S. S. LINE CO.**

In re WILLIAMS.

Oct. 29, 1928.

George Sladovich, Sr., of New Orleans, for relator.

Dart & Dart and H. Grady Price, all of New Orleans, for respondent F. Leyland S. S. Line Co.

Arthur Landry, of New Orleans, for respondent Clerk of Civil District Court.

BRUNOT, J. On the petition of relator a writ of certiorari issued herein, and the F. Leyland Steamship Line Company, H. Grady Price, and John J. O'Niell, clerk of the civil district court for the parish of Orleans, were ordered to show cause, on a fixed date, why the relief prayed for by relator should not be

granted. The trial judge has sent up the record, and the other respondents have filed separate returns to the order to show cause.

The record and the returns show that a suit was filed by George Williams against the Leyland Steamship Line Company for compensation, under the state Compensation Law, for personal injuries alleged to have been sustained by the plaintiff while in the employ of the defendant. The suit was tried in division A of the civil district court for the parish of Orleans, and the trial resulted in a judgment awarding the plaintiff compensation in the sum of $20 per week for 400 weeks. The case was appealed, and the Orleans court of appeal affirmed the judgment of the civil district court. Upon the refusal of the Court of Appeal to grant a rehearing, the defendant applied to this court for a writ of review, which we declined to issue. Following these proceedings the F. Leyland Steamship Line Company filed a suit in the civil district court to annul the said judgment, alleging in its petition, as grounds of nullity, that the judgment was obtained through fraud, misrepresentation, and upon perjured testimony, and to prevent the execution of the judgment pending the decision of the suit to annul it, the F. Leyland Steamship Line Company secured from that court a temporary restraining order and a rule to show cause why a preliminary injunction should not issue. This rule was tried, and the court ordered the issuance of a preliminary injunction restraining the execution of the compensation judgment pending the decision in the suit to annul that judgment.

The relator in this proceeding then applied to this court for writs of error, prohibition, and mandamus to compel the judge of the civil district court to discontinue the suit of the F. Leyland Steamship Line Company to annul his judgment of compensation and to dissolve the preliminary injunction which had issued in that case. This court refused

relator's application for the reason that his rights in the premises could not be determined until the suit to annul the compensation judgment was finally disposed of. Subsequently relator again applied to this court for writs of certiorari, prohibition, and mandamus, which writs we refused for the reason that relator's remedy was by appeal from a final judgment rendered in the case, if he should be aggrieved thereby.

The suit of the F. Leyland Steamship Line Company to annul the judgment relator had obtained in his suit for compensation was tried on the merits, and a judgment was rendered annuling the compensation judgment, and perpetuating the preliminary injunction which had issued in the case. Relator then applied to this court for a writ of certiorari. The writ was refused for the reason that, if relator had any remedy, it was by appeal. Relator then took an appeal to the Orleans Court of Appeal, and that court ordered the appeal transferred to this court. Relator then applied to this court for a certiorari or writ of review to the Court of Appeal. The writ was refused for the reason that this was not a suit under the Employers' Liability Act, but was a suit to annul a judgment, that the amount involved exceeded $2,000, exclusive of interest, and, therefore this court had exclusive jurisdiction of the appeal. Thereafter the record, which went to the Court of Appeal in the original, was returned to the clerk of the civil district court for the purpose of preparing three copies of the transcript, in accordance with the rules of this court. Relator then made demand upon the clerk of the civil district court to prepare three copies of the transcript for transmission to this court without being compensated for making the required number of additional copies of the testimony in the record. This demand was made upon a deputy clerk, and that official declined to perform the service unless compensated for so doing. The matter was then presented to the clerk of the civil district court, who promptly consulted an attorney, and, upon the lawyer's advice, immediately commenced making copies of the testimony, and was actively engaged in said work before and at the time relator's application herein for writs of mandamus and prohibition was filed.

The real purpose of relator's application and the only question which could be decided in an application of this kind is whether or not the clerk of the civil district court may be compelled, by mandamus, without being compensated therefor, to prepare a transcript, according to the rules of this court, in a case which the relator, himself, erroneously appealed to a court which tries appeals upon the original record alone. Inasmuch as the clerk of the civil district court was actually complying with relator's demands when the application to this court for relief was filed, there is no issue between the relator and the clerk, and it is our plain duty to recall the writ and order heretofore issued herein, and to dismiss relator's application at his cost; and in so doing, we consider it the duty of the court, with many matters of grave and serious importance before it, to express its disapproval of a needless consumption of its time.

For these reasons the writ and order heretofore issued herein are recalled and vacated, and this application is dismissed, at relator's cost.