(124 So. 842)

No. 29848.

## WILLIAMS v. LEYLAND LINE S. S. CO.

Nov. 4, 1929. Rehearing Denied Dec. 2, 1929.

George Sladovich, of New Orleans, for appellant.

Dart & Dart and H. Grady Price, all of New Orleans, for appellee.

OVERTON, J. Defendant obtained a judgment against plaintiff, annulling a judgment obtained by the latter against the former. Plaintiff appealed from the judgment, and his appeal was dismissed, because the transcript thereof was filed too late. Williams v. Leyland Line S. S. Co., 167 La. 473, 119 So. 431. The history of the litigation will be found in Williams v. F. Leyland Steamship Line Co., 167 La. 63, 118 So. 693.

When the judgment, in the first case cited, became final, defendant presented to the civil district court for the parish of Orleans, from which the appeal had been taken, a certified copy of the decree rendered therein, and moved the court that the decree be filed and recorded, and that the suspensive appeal bond, furnished in the case in which the decree annulled was rendered, the temporary restraining order bond, and the preliminary injunction bond, given in the suit to annul, be canceled. The court granted the order canceling these bonds, and plaintiff has appealed from the granting of it.

The case is before us on a motion to dismiss the appeal, for the reason that the order is merely an interlocutory one, and by no possibility can injure plaintiff irreparably.

When the judgment in the case in which the suspensive appeal bond was given was annulled, the effect of the annulling of the judgment was not only to release plaintiff from all liability on the judgment annulled, but also from all liability on the suspensive appeal bond, given in the appeal from the judgment that was annulled. When the judgment of nullity was rendered, the injunction having been perpetuated therein, the effect of the judgment was, subject to the right of appeal, to cancel the bond required by the

stay order, and the bond given to secure the preliminary injunction, and, when the appeal from that judgment was dismissed, the judgment accomplishing these ends became final. The order directing the cancellation of these bonds was merely a formal recognition of what had been, in effect, done. Such an order is not appealable. It can work no possible injury to plaintiff, and is interlocutory in nature. Code of Practice, art. 566; State v. Bouchon, 20 La. Ann. 394.

For these reasons the appeal is dismissed.